# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| MARCKIEST LAMBERT | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-2513-S |
| | § | |
| QUAN NGUYEN and DH | § | |
| TRANSPORTATION, INC. | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiff Marckiest Lambert's Motion to Remand ("Motion") [ECF No. 9]. The Court has reviewed and considered the Motion, Defendants Quan Nguyen and DH Transportation, Inc.'s Response to the Motion ("Response") [ECF No. 10], Plaintiff's Binding Stipulation that Damages Do not Exceed $75,000 ("Plaintiff's Stipulation") [ECF No. 22], Defendants' Objections to Plaintiff's Stipulation ("Defendants' Objections") [ECF No. 23], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

### I. BACKGROUND

On June 14, 2024, Plaintiff filed suit against Defendants in the 160th Judicial District Court of Dallas County, Texas, to recover for injuries sustained in a motor vehicle collision. Pl.'s Original Pet. ("Petition") [ECF No. 4] 3-4.[1] Plaintiff alleges that while driving eastbound, Defendant Quan Nguyen, driving "in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Defendant DH Transportation[,] Inc.," allegedly "made an improper right turn from the left lane and unsafe lane change into Plaintiff's lane and collided hard with the driver's side of Plaintiff's vehicle." *Id.* at 4. For his unspecified medical expenses, physical impairment, physical pain and suffering, and mental anguish, Plaintiff sought

---

[1] With respect to the Petition, the page numbers used by the Court are the page numbers appearing at the top of the filing.

monetary relief of over $250,000 but not more than $1,000,000 and non-monetary relief in the form of a declaratory judgment. *Id.* at 3, 6-7.

Defendants removed the case, asserting that the Court has subject-matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. Defs.' Notice of Removal [ECF No. 1] ¶¶ 4-7. Subsequently, Plaintiff stipulated that his claims do not exceed $75,000, exclusive of interest and costs. *See* Pl.'s Stipulation ¶ 1. Defendants then filed the Objections, asserting that (1) Plaintiff's post-removal stipulation does not divest the Court of jurisdiction; and (2) Plaintiff could not unilaterally file the Stipulation. Defs.' Objs. ¶¶ 5-11.

## II. LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). A federal court must presume that a case lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, the removal statute is strictly construed, and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

2

When a suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted); *see also New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) ("The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." (citation omitted)). "[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citation omitted).

### III. ANALYSIS

#### A. Diversity of Citizenship

According to Defendants, the parties are diverse because Plaintiff is a Texas citizen, Nguyen is a Florida citizen, and DH Transportation is a Georgia citizen. Defs.' Notice of Removal ¶¶ 6-7. Specifically, Defendants assert that (1) Plaintiff is "a citizen of Dallas County, Texas," *id.* ¶ 6; (2) Nguyen is "a citizen and resident of the State of Florida," *id.* ¶ 7; and (3) DH Transportation is a Georgia citizen because it is "organized under the laws of the State of Georgia, with its headquarters and principal place of business in the State of Georgia," *id. See Coury*, 85 F.3d at 249 ("A United States citizen who is domiciled in a state is a citizen of that state." (citation omitted)); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332(c)(1) for the proposition that the citizenship of a corporation is each state in which it is incorporated and the state in which it has its principal place of business). Therefore, the diversity of citizenship requirement is met.

### *B. Amount in Controversy*

In the Petition, which was the operative pleading at the time of removal, Plaintiff stated that he sought over $250,000. Pet. 3. However, Plaintiff argues that the Court should remand the case because it is not facially apparent from the Petition that the amount in controversy exceeds $75,000 and because Defendants have failed to meet their burden to establish that the amount in controversy exceeds $75,000. Mot. 1, 3-4. In response, Defendants argue that the Court has subject-matter jurisdiction because: (1) Plaintiff seeks recovery of an amount of damages in a range, which the Court should treat as "a claim for a specific amount of damages" rather than a claim for an "unspecified or unlimited amount of damages"; (2) in the alternative, if the Court finds that the range of damages is an "indeterminate amount," remand is still not appropriate because it is facially apparent that the amount in controversy exceeds $75,000; and (3) even if Defendants' first two arguments fail, the facts support a finding that the amount in controversy exceeds $75,000. Resp. ¶¶ 15-26. Finally, Defendants contend that Plaintiff's request for punitive or exemplary damages further supports a finding of the requisite amount. *Id.* ¶ 26.

The amount in controversy is determined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citation omitted). "Moreover, once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Id.* (citation omitted). To determine whether the amount in controversy requirement is met, courts first look to whether the plaintiff has alleged a specific amount of damages in the petition. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (citation omitted). "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citation omitted). "[W]hen the

plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* (quoting *De Aguilar*, 11 F.3d at 58).

The removing defendant can meet its burden in one of two ways. First, the defendant's burden is met if it is facially apparent from the petition that the plaintiff's claims exceed $75,000. *Id.* (citation omitted). Second, if the facially apparent test is not met, the removing defendant may provide "summary-judgment-type" evidence to prove that the claims exceed the jurisdictional threshold. *Id.* at 1336. Once the defendant establishes that the amount in controversy exceeds $75,000, removal is proper unless the plaintiff shows that it is "legally certain" that the plaintiff's recovery will not exceed the jurisdictional amount. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (citation omitted).

Under Texas Rule of Civil Procedure 47, plaintiffs must categorize their damages within one of five predefined ranges. Rule 47 requires the selection of one of the following categories of monetary relief:

(1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs;

(2) monetary relief of $250,000 or less and non-monetary relief;

(3) monetary relief over $250,000 but not more than $1,000,000;

(4) monetary relief over $1,000,000; or

(5) only non-monetary relief[.]

TEX. R. CIV. P. 47(c)(1)-(5). Plaintiff chose the range set forth in Rule 47(c)(3)—"over $250,000 but not more than $1,000,000." Pet. 3.

Because Plaintiff alleged a non-specific range of damages, Defendants must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Plunkett v.*

*Companion Prop. & Cas. Ins. Co.*, No. 1:15-CV-474, 2016 WL 8931300, at \*3 (E.D. Tex. Apr. 8, 2016) ("In situations where the petition alleges only a range of damages and not a specific amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00." (citation omitted)).

To determine whether Defendants have met their burden, the Court first examines the face of the Petition to determine whether the amount in controversy likely exceeds $75,000. *Allen*, 63 F.3d at 1335 (citation omitted). In the Petition, Plaintiff claims generally that he "suffered extensive injuries and damages." Pet. 6. Plaintiff broadly asserts damages for unidentified past and future medical expenses, past and future physical impairment, past and future physical pain and suffering, and past and future mental anguish. *Id.* at 6-7. Plaintiff also seeks exemplary damages. *Id.* at 6. The Petition provides no further information on the monetary value of Plaintiff's claims— for example, details regarding the alleged injuries, or the type, extent, and cost of medical treatment incurred. Plaintiff's nondescript general allegations do not make it facially apparent that the amount in controversy exceeds $75,000. *Cf. Zielinski v. Allstate Fire & Cas. Ins. Co.*, No. 3:22-CV-71-L, 2022 WL 2118981, at \*5 (N.D. Tex. June 13, 2022) (noting that the use of the word "severe" to describe a plaintiff's injuries "is a relative term that is amorphous when not accompanied by supporting factual allegations").

The Fifth Circuit has found that the facially apparent test was not met when a plaintiff pleaded similar non-specific injuries. *Compare Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850-51 (5th Cir. 1999) (finding complaint did not support diversity jurisdiction when the plaintiff alleged, with little specificity, damages for a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions, unidentified medical expenses, and plaintiff's husband's alleged loss of consortium), *with Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)

(affirming district court's finding that claims exceeded $75,000 when the plaintiff alleged damages for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization").

The fact that Plaintiff seeks exemplary damages, without more, does not change this outcome. As the parties asserting federal jurisdiction, Defendants bear the burden to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence, and Defendants have not carried that burden. *Allen*, 63 F.3d at 1335 (citation omitted). "[E]ven if Plaintiff's claims including . . . exemplary damages . . . arguably could exceed $75,000, such is not facially apparent from the complaint, and Defendant[s] ha[ve] presented no additional facts or proof in support of federal jurisdiction." *Hot-Hed, Inc. v. Safe House Habitats, Ltd.*, No. H-06-1509, 2007 WL 556862, at *2 (S.D. Tex. Feb. 12, 2007) (citation omitted); *see also Sanchez v. Aburto*, No. 3:18-CV-2460-L, 2018 WL 4953147, at *2 (N.D. Tex. Oct. 12, 2018) ("[W]ithout any factual allegations from which the court can assess the potential actual damages in this case, it has no way of reasonably inferring the potential for an award of exemplary damages."); *Sims v. AT&T Corp.*, No. 3:04-CV-1972-D, 2004 WL 2964983, at *4 (N.D. Tex. Dec. 22, 2004) (remanding case where it was not facially apparent that punitive damages would lead to award exceeding minimum jurisdictional amount and defendant did not "demonstrate[] by a preponderance of the evidence that [the plaintiff's] claim for punitive damages exceeds the minimum jurisdictional amount").

As it is not apparent from the face of the Petition that the amount in controversy exceeds $75,000, the Court looks to whether Defendants presented any summary-judgment-type evidence or any additional information to demonstrate that Plaintiff's claims likely exceed $75,000. Defendants point to Plaintiff's initial disclosures in state court and medical and billing records. *See* Resp. ¶ 26. Defendants first argue that Plaintiff stated that his past medical expenses are

7

$25,740.35. *Id.* Then, Defendants point to medical records indicating that Plaintiff may need one or more procedures, specifically, cervical epidural steroid injections and lumbar facet injections. *Id.* Defendants conclude that the cost of such procedures, combined with Plaintiff's past medical expenses, result in Plaintiff incurring $49,161.23 in damages. *Id.* But Defendants have not submitted evidence or pointed to any allegation by Plaintiff showing that Plaintiff's medical bills will exceed $75,000. *See Autin v. Cherokee Ins. Co.*, No. 20-528-JWD-EWD, 2020 WL 4876857, at *2 (M.D. La. Aug. 19, 2020) ("Plaintiff's cited treatment of a cervical MRI, steroid injections, and physical therapy standing alone do not meet the jurisdictional threshold." (citation omitted)). The Court therefore concludes that Defendants have not met their burden to establish subject-matter jurisdiction by a preponderance of the evidence. Moreover, given binding precedent that "[t]he removal statute is . . . to be strictly construed" and that "any doubt about the propriety of removal must be resolved in favor of remand," *Gasch*, 491 F.3d at 281-82 (citation omitted), the Court must remand for lack of subject-matter jurisdiction.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand [ECF No. 9]. This case is **REMANDED** to the 160th Judicial District Court of Dallas County, Texas.

**SO ORDERED.**

SIGNED April 9, 2025.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**